Criminal law ⬤⟶1182—Affirmance in absence of statement of facts and bill of exception, indictment and charge being correct.

There being no statement of facts or bill of exceptions, and the indictment seeming to correctly charge the offense, and the charge presenting the issues of law applicable thereto, the judgment of conviction fixing punishment at a term authorized by statute will be affirmed.

Appeal from District Court, De Witt County; John M. Green, Judge.

Lee McKennon was convicted of burglary with firearms, and appeals.    Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J.    Appellant was convicted in the district court of De Witt county of burglary with firearms, and his punishment fixed at 50 years in the penitentiary.

Appellant was indicted for burglary of a private residence by the discharge of a shotgun into same, with the alleged intent of killing a person then in said private residence.    The punishment fixed by statute for burglary of a private residence is by confinement in the penitentiary for any term of years not less than five.    The record is before us without a statement of facts or any bill of exceptions, and the indictment seems to correctly charge burglary of a private residence as aforesaid.    The charge of the court presented the issues of law applicable to said offense.    There appearing no error in the indictment, or in the charge of the court, and there being before us nothing else for our consideration, the judgment of the trial court will be in all things affirmed.

## MUNOZ v. STATE.    (No. 6717.)

(Court of Criminal Appeals of Texas.    March 8, 1922.)

Homicide ⬤⟶346—Statement of facts held to sustain conviction of murder with sentence of death.

Where the record shows no objection to anything transpiring during the trial, and there is no bill of exceptions, and the statement of facts showed an unprovoked killing by defendant and another to obtain money supposed to be in possession of deceased, which was established by the confession of the defendant and by the testimony of his accomplice, a verdict convicting of murder and fixing the punishment at death must be affirmed.

Appeal from District Court, Kaufman County;  Joel R. Bond, Judge.

Bernaudo Munoz was convicted of murder, and his punishment fixed at death, and he appeals.    Affirmed.

R. G. Storey, Asst. Atty. Gen., for the State.

LATTIMORE, J.    Appellant was convicted in the district court of Kaufman county of murder, and his punishment fixed at death.

The record is before us without any sort of objection to anything that transpired during the trial.    There are no bills of exception.    The statement of facts shows an unprovoked killing of a comparatively strange Mexican by appellant and another for the disclosed purpose of obtaining a large sum of money supposed to be in the possession of deceased.    A full confession in writing after due warning was made by the appellant.    An attorney was appointed by the court to represent him.    In said confession it was stated that appellant struck the deceased on the head with an axe, and that his companion stabbed deceased with a knife.    It was shown by other testimony that the head of deceased was crushed in two places by the blows of a blunt instrument, and that he was stabbed in the breast with a knife.    A large butcher knife was found with blood stains on it.    For some reason not disclosed by the record the Mexican engaged with appellant in the commission of said crime was used as a witness by the state, and himself testified that he and appellant committed said murder, appellant using an axe and witness using a knife.    Witnesses speak of appellant as the "big Mexican" and of his companion as the "little Mexican."    There appears in the record no facts suggesting any justification of the crime or any mitigation thereof, and in the condition in which the record is before us the case must be affirmed, and it is so ordered.

## VOLNEY v. STATE.    (No. 6730.)

(Court of Criminal Appeals of Texas.    March 8, 1922.)

Criminal law ⬤⟶15—Prosecution dismissed on repeal of statute.

Where the statute for violation of which the defendant was convicted was repealed after conviction, the prosecution will be dismissed.

Appeal from Criminal District Court, Williamson County; James R. Hamilton, Judge.

Joe Volney was convicted of having unlawful possession of equipment for the manufacture of intoxicating liquor, and he appeals.    Judgment reversed, and prosecution ordered dismissed.

⬤⟶For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Critz & Lawhon, of Taylor, for appellant. R. G. Storey, Asst. Atty. Gen., for the State.

MORROW, P. J. The conviction is for the unlawful possession of equipment for the manufacture of intoxicating liquor; punishment fixed at confinement in the penitentiary for a period of one year.

The offense upon which the judgment rests having been repealed since the conviction, the judgment must be reversed, and the prosecution ordered dismissed. See Francis v. State (Tex. Cr. App.) 235 S. W. 580.